*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRANDON RASHARD THORNTON,

        Defendant-Appellant.

UNPUBLISHED
March 21, 2024

No. 350952
Monroe Circuit Court
LC No. 19-245078-FH

## ON REMAND

Before: CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

PER CURIAM.

Defendant was convicted by a jury on three counts of delivery of less than 50 grams of cocaine, MCL 333.7403(2)(a)(*iv*), and one count of conspiracy to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*); MCL 750.157a. Defendant was sentenced to concurrent terms of 46 to 480 months' imprisonment, second or subsequent offense, MCL 333.7413(1), for each conviction. Defendant challenged the sufficiency of the evidence and his sentences on appeal, and we affirmed. *People v Thornton*, unpublished per curiam opinion of the Court of Appeals, issued February 11, 2021 (Docket No. 350952).

Defendant sought leave to appeal from the Michigan Supreme Court and the matter was held in abeyance. *People v Thornton*, 964 NW2d 44 (2021). Ultimately, in November 2023, in lieu of granting leave to appeal, the Supreme Court vacated our judgment "to the extent that it is inconsistent with" its recent decision in *People v Posey*, 512 Mich 317; 1 NW3d 101 (2023), but denied leave to appeal in "all other respects." *People v Thornton*, 997 NW2d 191 (2023). The relevant issue addressed in both this case and in *Posey* pertained to a sentencing issue; particularly, whether a within-guidelines sentence may be reviewed for reasonableness. In this case, defendant had argued that his 46-month minimum sentences were disproportionate and unreasonable. This Court held that because the trial court rendered a sentence within the applicable guidelines range, which was 20 to 46 months, and defendant did not claim that there was a scoring error or that the trial court relied on inaccurate information, the minimum sentence must be affirmed. *Thornton*, unpub op at 6.

However, in *Posey*, the Michigan Supreme Court held that "appellate courts must review all sentences for reasonableness, which requires the reviewing court to consider whether the sentence is proportionate to the seriousness of the matter." *Posey*, 512 Mich at 352. The *Posey* Court held that the proportionality test to be applied is outlined in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *Id*. at 355. The *Posey* Court concluded that "the portion of MCL 769.34(10) that requires appellate affirmation of within-guidelines sentences that are based on accurate information without scoring errors is unconstitutional," and therefore, severed. *Id*. at 352, 359-360. However, the *Posey* Court held, "the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate . . . ." *Id*. at 359. In other words, a within-guidelines sentence is presumed to be proportionate, but the defendant may overcome that presumption; thus, a within-guidelines sentence is subject to appellate review. *Id*. Accordingly, in *Posey*, because this Court had affirmed the defendant's within-guidelines sentence on the ground that review was precluded by MCL 769.34(10), the Supreme Court reversed that part of this Court's opinion addressing sentencing and remanded for review of the within-guidelines sentence for reasonableness, applying a "nonbinding rebuttable presumption of proportionality." *Id*. at 360. On remand of this case, we must do the same because we also affirmed defendant's sentences on the ground that review of his within-guidelines sentences was precluded. *Thornton*, unpub op at 6.

The proportionality test to be applied in appellate review of sentences for reasonableness requires that sentences "be proportionate to the seriousness of the circumstances surrounding the offense and the offender," as stated in *Milbourn*, 435 Mich at 636. The *Milbourn* Court explained:

> When the legislative scheme for criminal sentencing is viewed across the spectrum of crimes from misdemeanor traffic violations to cold-blooded murders, two aspects are immediately clear. First, the Legislature has endeavored to provide the most severe punishments for those who commit the most serious crimes. The crime of murder, for example, is punishable by a longer term than is the lesser included crime of assault. Second, offenders with prior criminal records are likewise subject to harsher punishment than those with no prior convictions, as reflected in the general and specific habitual offender provisions of the penal statutes. These two elements combine to form what might be called the "principle of proportionality." [*Id*. at 650.]

In *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003), our Supreme Court summarized that "the more egregious the offense, and the more recidivist the criminal, the greater the punishment." And in *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022), our Supreme Court explained that "[a]n appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." See also *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017).

In his appeal, defendant challenged his sentences as disproportionate and unreasonable. Because the trial court sentenced defendant within the guidelines' recommended range, a nonbinding rebuttable presumption of proportionality exists. *Posey*, 512 Mich at 360. And defendant bears the burden of overcoming that presumption. *Id*. at 359. When reviewing a sentence for reasonableness, this Court's role is to determine whether the trial court abused its

discretion by violating the principle of proportionality in rendering its sentence. *Steanhouse*, 500 Mich at 459-460.

Defendant was convicted of three counts of delivering cocaine and one count of conspiring to deliver cocaine. As we stated in our previous opinion:

> Here, defendant does not dispute that the base minimum sentencing guidelines range for each of his convictions was 10 to 23 months' imprisonment. Defendant had a previous controlled substance conviction for possession of marijuana, MCL 333.7403(2)(d), at the time the trial court sentenced him. Accordingly, the trial court exercised its discretion and doubled the base minimum sentencing guidelines range pursuant to MCL 333.7413(1). The enhanced minimum sentencing guidelines range was 20 to 46 months, and the trial court sentenced defendant to a minimum of 46 months' imprisonment for each conviction. Defendant's minimum sentences of 46 months' imprisonment fall within the minimum guideline range, as enhanced by MCL 333.7413(1), and defendant does not claim that his sentences were based on a scoring error or that the trial court relied on inaccurate information when sentencing him.

Defendant argues that his sentences were unreasonable and disproportionate because "[t]here was absolutely no need to impose - - much less any justification for imposing - - minimum sentences of forty-six months" for each of his convictions. Defendant fails to support his argument with any particular facts, but merely refers to "the incredible evidence presented during his trial and his own history . . . ." And he claims that the court's sentence "was purely punitive."

During sentencing, the trial court stated that the evidence presented at the trial clearly supported the jury verdict in this case. The court noted that defendant was trafficking drugs while minor children were present in the apartment, which was also located in a community that "heavily houses minor children." Defendant was engaged in "pure drug trafficking," and thus, was perpetuating a deadly societal problem. The trial court also noted that defendant refused to provide the necessary information for the completion of the presentence investigation report (PSIR). The interviewing officer had written in the report that because of "defendant's argumentative behavior and refusal to answer questions" the interview had to be terminated and the report remained incomplete. Defendant had accused the interviewing officer of stealing his legal documents, shouted at the officer, and refused to return to his jail cell. The PSIR also indicated that the sentencing offenses were committed while defendant was on probation and that the probation record showed that defendant had "multiple violations of probation including failure to report, continued drug use, and failure to complete anger management as directed." The trial court observed that defendant did not want to follow any rules or regulations of society and that, for the protection of society, a minimum sentence of 46 months for each conviction, to be served concurrently, was warranted. The trial court recognized that it could have imposed consecutive sentences but instead opted to impose concurrent sentences.

We conclude that, contrary to defendant's argument, the trial court did not abuse its discretion by violating the principle of proportionality in rendering its 46-month minimum sentences for his convictions. See *Steanhouse*, 500 Mich at 459-460. Defendant bore the burden of demonstrating that his within-guidelines sentences were disproportionate but he failed to carry

his burden. See *Posey*, 512 Mich at 359-360. The sentences appropriately take into consideration the reformation and discipline of defendant, the protection of society, and the deterrence of others from trafficking drugs. See *Boykin*, 510 Mich at 183. Defendant's sentences are "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron